**UNITED STATES of America, Plaintiff,**

v.

**Albert Ervin HOWELL, Defendant.**

**No. 96–40027–01–SAC.**

United States District Court,
D. Kansas.

July 2, 1996.

Robert E. Tilton, Tilton & Hoffman, Topeka, KS, Patrick S. Sampair, Albert Ervin Howell, Coffeyville, KS, for Albert Ervin Howell.

James E. Flory, Office of United States Attorney, Topeka, KS, for U.S.

## MEMORANDUM AND ORDER

CROW, District Judge.

On June 18, 1996, this court entered an eighteen page memorandum and order granting the government's "Motion for reconsideration of admission pro hac vice of Jeffrey A. Dickstein" (Dk. 14). *See United States v. Howell,* 936 F.Supp. 767 (D.Kan. 1996). In that memorandum and order, the court found that (1) Dickstein had failed to appear at the June 7, 1996, pretrial motions hearing as scheduled; (2) Dickstein had

made material omissions from his affidavit attached to the motion to allow him to appear *pro hac vice* in this case; and (3) Dickstein had made false, misleading and inaccurate statements to the magistrate judge who provisionally admitted Dickstein *pro hac vice.* Based upon those findings, the court revoked Dickstein's admission *pro hac vice.*

This case comes before the court upon Dickstein's "Motion for Reconsideration of Court's Order Dated June 18, 1996, Revoking Attorney Dickstein's Admission Pro Hac Vice" (Dk. 31). In that motion Dickstein "humbly apologize[s]" to the court for any inconvenience caused. Dickstein indicates that his failure to appear as scheduled was due to his misreading of a notice sent by the clerk of the court on May 28, 1996. In regard to his failure to list all of his past disciplinary proceedings in his affidavit, Dickstein explains that based upon the language of D.Kan.Rule 83.5.4(a)(2)(E) he believed that "he was required to report disciplinary or grievance proceedings that had been filed or were pending with respect to bars of which is a member." Because he was never a "member" of the other bars sanctioning him, Dickstein did not believe that he was required to list all of the other proceedings arising in other bars. In regard to the court's finding of false, misleading and inaccurate statements to the magistrate judge, Dickstein indicates that he "had no mental intent to fail to disclose anything to the Court in the original application nor in his colloquy with the Magistrate Judge." In closing, Dickstein notes that "[i]n the last six years, attorney Dickstein has not violated a single court order nor disrupted a single Court in the administration of justice." Dickstein asks the court for the opportunity to "prove his true character, respect for the judicial system, and love for the law."

The court, having considered its prior order, the findings made, and all of the arguments advanced by Dickstein, denies his motion for reconsideration. The court will briefly discuss each of the points advanced by Dickstein.

### Failure to Appear as Scheduled

■ Dickstein's purported confusion regarding the setting of the hearing to consider pretrial motions is somewhat difficult to comprehend. Neither event that was rescheduled in May 28, 1996, notice concerned the pretrial motions hearing, nor did those events involve June 7, 1996. The status conference referred to in the May 28, 1996, notice is a conference held by the court approximately one week before the trial date. According to this court's *Criminal Procedural Guidelines,* during that conference, "[c]ounsel will attend in person and will be expected to discuss witnesses, exhibits and any other foreseeable matters requiring pretrial resolution. The court will also provide deadlines for filing motions in limine and requested jury instructions. Defense counsel will be asked to confer with the defendant over waiving appearances at all bench conferences during trial." *See Criminal Procedural Guidelines* IV.

As to the phrase in the notice referring to issues to be addressed a half-hour before selecting the jury, it is this court's practice to meet with counsel approximately a half-hour before commencing selecting the jury to discuss any unresolved matters, *e.g.,* motions in limine, and to discuss voir dire. In light of Howell's request for information concerning prospective jurors as authorized by 26 U.S.C. § 6103(h)(5), Dickstein could not reasonably have believed that the issues raised by Howell's motions could be decided and resolved in the thirty minutes preceding the selection of the jurors for trial.

Although Dickstein now claims that his failure to appear on June 7, 1996, was mistaken, such a claim is belied by the notice he claims to have caused the confusion. Donald Hoffman, local counsel for Dickstein, plainly understood that the June 7, 1996, hearing had not been continued. In any event, inadvertent or not, Dickstein's failure to appear caused the court, its staff and counsel for the government to waste valuable time and resources.

### Shortcomings of Dickstein's Affidavit

■ Dickstein's contention that he simply did not understand the disclosure requirements imposed by D.Kan.Rule 83.5.4 is not supported by a plain reading of the rule. Dickstein is apparently only a member the

Supreme Court of California bar. That fact did not alleviate his obligation to disclose the numerous other ethical transgressions occurring in other courts described in the court's June 18, 1996, memorandum and order. For each instance Dickstein was admitted *pro hac vice* or otherwise appeared in other state or federal courts and was subject to a disciplinary or grievance proceeding, he was obligated to list those instances in his affidavit. Any other construction of the rule would defeat its obvious purpose. Only a crimped and improper reading of D.Kan.Rule 83.5.4 would lead Dickstein to conclude that it was only necessary for him to list grievance or disciplinary proceedings specifically arising from the California state bar.

### Misleading Statements to the Magistrate Judge

■ Assuming, *arguendo*, that Dickstein's failure to list all of his past ethical transgressions in his affidavit did not violate the disclosure requirements of Rule 83.5.4, it still remains clear that Dickstein's statements in response to the magistrate judge's inquiry were less than candid. In fact, in his motion to reconsider, Dickstein makes no specific attempt to square his statements to the magistrate judge with the actual history of his past ethics problems.

In sum, Dickstein's motion to reconsider does nothing to allay the court's concerns that originally prompted the court to revoke his admission *pro hac vice*. Dickstein's actions in this case do little to persuade the court that his difficulties adhering to the court's ethical requirements are simply a thing of the past. In reaching this decision, the court has again balanced Howell's constitutional right to retain counsel of his choice "against the need to maintain the highest standards of professional responsibility, the public's confidence in the integrity of the judicial process and the orderly administration of justice." *United States v. Collins*, 920 F.2d 619, 626 (10th Cir.1990), *cert. denied*, 500 U.S. 920, 111 S.Ct. 2022, 114 L.Ed.2d 108 (1991). The court again concludes that, on balance, it is appropriate to revoke Dickstein's admission *pro hac vice*.

IT IS THEREFORE ORDERED that Dickstein's "Motion for Reconsideration of Court's Order Dated June 18, 1996, Revoking Attorney Dickstein's Admission Pro Hac Vice" (Dk. 31) is denied.